B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>QCE Finance LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>QCE Parent LLC | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>45-4287897 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1001 17th Street, Suite 200<br>Denver, Colorado<br>ZIP CODE 80202 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Denver County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☑ A plan is being filed with this petition.
- ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |

B1 (Official Form 1) (04/13)                                                                                                                      Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>QCE Finance LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:   None | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:   See attached Rider 1 | Case Number: | Date Filed: |
| District:   District of Delaware | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)          (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                          Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>QCE Finance LLC |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition.   A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X _~signature~_____<br>  Signature of Attorney for Debtor(s)<br><br>Mark D. Collins (DE 2981)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700 / Facsimile: (302) 651-7701<br><br>Ira S. Dizengoff (NY 2555687)<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000 / Facsimile: (212) 872-1002<br><br>March 14, 2014<br>_____<br>Date<br>* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br>  Signature<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _~signature~ Stuart K Mathis_____<br>  Signature of Authorized Individual<br><br>Stuart K. Mathis<br>Printed Name of Authorized Individual<br><br>Chief Executive Officer/President<br>Title of Authorized Individual<br><br>March 14, 2014<br>_____<br>Date<br><br>_____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Rider 1 to the Voluntary Petition

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. Contemporaneously with the filing of their petitions, these entities filed a motion requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1. QCE Finance LLC
   1001 17th Street, Suite 200, Denver, Colorado 80202

2. American Food Distributors LLC
   1001 17th Street, Suite 200, Denver, Colorado 80202

3. National Marketing Fund Trust
   1001 17th Street, Suite 200, Denver, Colorado 80202

4. QAFT, Inc.
   1001 17th Street, Suite 200, Denver, Colorado 80202

5. QCE LLC
   1001 17th Street, Suite 200, Denver, Colorado 80202

6. QFA Royalties LLC
   1001 17th Street, Suite 200, Denver, Colorado 80202

7. QIP Holder LLC
   1001 17th Street, Suite 200, Denver, Colorado 80202

8. Quiz-CAN LLC
   1001 17th Street, Suite 200, Denver, Colorado 80202

9. Quizno's Canada Holding LLC
   1001 17th Street, Suite 200, Denver, Colorado 80202

10. Quiznos Global LLC
    1001 17th Street, Suite 200, Denver, Colorado 80202

11. Restaurant Realty LLC
    1001 17th Street, Suite 200, Denver, Colorado 80202

12. The Quizno's Master LLC
    1001 17th Street, Suite 200, Denver, Colorado 80202

13. The Quizno's Operating Company LLC
    1001 17th Street, Suite 200, Denver, Colorado 80202

14. The Regional Advertising Program Trust
    1001 17th Street, Suite 200, Denver, Colorado 80202

15. TQSC II LLC
    1001 17th Street, Suite 200, Denver, Colorado 80202

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| QCE FINANCE, LLC, *et al.*,[1] | Case No. 14-_____ ( ) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 35 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the 35 largest unsecured claims against the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), all of which have commenced chapter 11 cases in this Court. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared on a consolidated basis in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 35 largest unsecured claims.[2]  The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority and/or amount of any such claim.

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  QCE Finance LLC (7897); American Food Distributors LLC (8099); National Marketing Fund Trust (4951); QAFT, Inc. (6947); QCE LLC (2969); QFA Royalties LLC (2402); QIP Holder LLC (2353); Quiz-CAN LLC (7714); Quizno's Canada Holding LLC (3220); Quiznos Global LLC (2772); Restaurant Realty LLC (8293); The Quizno's Master LLC (3148); The Quizno's Operating Company LLC (8945); The Regional Advertising Program Trust (2035); and TQSC II LLC (8683). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1001 17th Street, Suite 200, Denver, Colorado 80202.

[2]   This list also excludes any creditor whose claim will be paid upon assumption of the Restructuring Support Agreement ("*RSA*") dated as of March 11, 2014 between the Debtors and certain of the Debtors' stakeholders.

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | U.S. Bank National Association, as administrative agent and collateral agent under the Debtors' second lien financing facility[3] | U.S. Bank Corporate Trust Services 214 North Tryon Street, 26th floor Charlotte, NC 28202 Attn: Scott D. DeRoss | Second Lien Credit Agreement | | $173,828,686.23, plus accrued and unpaid interest |
| 2 | Horizon Media Inc. | 630 Third Avenue New York, NY 10017 Attn: Bill Koenigsberg, CEO | Trade Payable | | $3,677,730 |
| 3 | MG-1005, LLC | 4643 South Ulster Street, Suite 1500 Denver, CO 80237 Attn: Paul Hogan, Member | Subordinated Unsecured Promissory Note | Contingent | $3,625,000 |
| 4 | Maple Leaf Bakery Inc. | 1101 East Touhy Avenue, #500 Des Plaines, IL 60018 Attn: Reyal Menard, President | Trade Payable | | $1,648,102 |
| 5 | ESPN Inc. | ESPN Plaza 935 Middle Street Bristol, CT 06010 Attn: Nell Devane, Deputy Chief Counsel | Trade Payable | | $909,441 |
| 6 | Alix Partners LLC | 300 North LaSalle Street, Suite 1900 Chicago, IL 60654 Attn: Adam C. Werner, Managing Director | Trade Payable | | $379,451 |
| 7 | Turano Banking Company | 36749 Eagle Way Chicago, IL 60678 Attn: Ron Turano, President | Trade Payable | | $286,922 |
| 8 | Ian Hannah | 11260 W 102nd Avenue Westminster, CO 80021 Attn: Ian Hannah | Deferred Compensation | | $272,363 |
| 9 | Terri Winter | 10453 South Grizzly, Gulch Highlands Ranch, CO 80129 Attn: Terri Winter | Deferred Compensation | | $268,383 |
| 10 | Ken's Foods, Inc. | 1 D'Angelo Drive Marlborough, MA 01752 Attn: Brian L. Crowley, President | Trade Payable | | $268,119 |
| 11 | Keystone Foods LLC | Fiver Tower Bridge 300 Barr Harbor Drive, Suite 600 West Conshohocken, PA 19428-2998 Attn: Frank M. Ravndal, Jr., CEO | Trade Payable | | $246,997 |

---

[3]    As a result of, and consistent with, the Debtors' second lien lenders acknowledging that they are fully unsecured pursuant to the RSA, they have been included herein.

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 12 | Cookietree Bakeries | 4010 West Advantage Circle Salt Lake City, UT 84104 Attn: Greg F. Schienk, CEO | Trade Payable | | $223,066 |
| 13 | Ryan McMonagle | Canyon Road Capital 300 García Street Santa Fe, NM 87501 Attn: Ryan McMonagle | Deferred Compensation | | $214,000 |
| 14 | Mr. Chips Inc. | 2628 North Huron Road Pinconning, MI 48650 Attn: Joseph Janicke, President | Trade Payable | | $210,591 |
| 15 | Janice Branam | 5521 Friends Place Boulder, CO 80303 Attn: Janice Branam | Deferred Compensation | | $202,003 |
| 16 | Ecolab Inc. | 370 North Wabasha Street Saint Paul, MN 55102 Attn: James J. Seifert, Executive Vice President, General Counsel and Secretary | Trade Payable | | $199,892 |
| 17 | Clear Channel Broadcasting Inc. | 200 East Basse Road San Antonio, TX, 78209 Attn: Robert Pittman, Chairman and CEO | Trade Payable | | $199,440 |
| 18 | Pinty's Delicious Foods | 5063 North Service Road, Suite 101 Burlington, ON L7L 5H6 Attn: Jack Vanderlaan, CEO | Trade Payable | | $198,022 |
| 19 | AFCO Credit Corporation | 4501 College Boulevard Suite 320 Leawood, KS 66211 Attn: Stephen Viehe, Director | Trade Payable | | $167,074 |
| 20 | John M. Moore | 1922 East Crestridge Drive Greenwood Village, CO 80121 Attn: John M. Moore | Deferred Compensation | | $159,999 |
| 21 | FX Networks LLC | 10201 West Pico Boulevard Los Angeles, CA 90035 Attn: Keith Rupert Murdoch, CEO | Trade Payable | | $149,283 |
| 22 | Henery Wurst Inc. | 1331 Saline Street North Kansas City, MO 64116 Attn: Mike Wurst, CEO | Trade Payable | | $146,390 |
| 23 | Franklin Street Properties Corp. | FSP 1001 17th Street LLC C/O FSP Property Management LLC 401 Edgewater Place, Suite 200 Wakefield, MA 01880 Attn: George J. Carter, President | Trade Payable | | $144,507 |
| 24 | ABC Cable Networks | 3800 West Alameda Avenue Burbank, CA 91505 Attn: Robert A. Iger, CEO | Trade Payable | | $143,009 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 25 | Mark Bromberg | 6340 International Parkway, Suite 300<br>Plano, TX 75093<br>Attn: Mark Bromberg | Deferred Compensation | | $135,844 |
| 26 | Ghazi Hajj | 20969 DeLagado Terrace<br>Boca Raton, FL 33433<br>Attn: Ghazi Hajj | Deferred Compensation | | $129,497 |
| 27 | Stampede Meat, Inc. | 7351 South 78th Avenue<br>Oak Lawn, IL 60455<br>Attn: Brock Furlong, President and CEO | Trade Payable | | $124,964 |
| 28 | Mark Heller | 13042 West 80th Place<br>Arvada, CO 80005<br>Attn: Mark Heller | Deferred Compensation | | $122,748 |
| 29 | Andrew J. Selvaggio | 8026 West Eastman Place<br>Lakewood, CO 80227<br>Attn: Andrew J. Selvaggio | Deferred Compensation | | $108,945 |
| 30 | Pepsi Center | 1000 Chopper Circle<br>Denver, CO 80204<br>Attn: Amy Fewox, Venue Marketing and Publicity Manager | Trade Payable | | $93,750 |
| 31 | Huhtamaki Inc. | 9201 Packaging Drive<br>De Soto, KS 66018<br>Attn: Michael Frederick, Vice-President - Foodservice | Trade Payable | | $87,197 |
| 32 | David J. Biederman | 12067 East Lake Circle<br>Greenwood Village, CO 80111<br>Attn: David J. Biederman | Deferred Compensation | | $87,156 |
| 33 | Sofina Foods Inc. | 145 East Drive<br>Brampton, ON L6T 1B9 Canada<br>Attn: Fabio Pozzobon, Vice-President Legal and General Counsel | Trade Payable | | $86,962 |
| 34 | System Services of America | 16100 North 71st Street, Suite 500<br>Scottsdale, AZ 85254<br>Attn: Thomas J. Stewart, Chairman | Trade Payable | | $85,737 |
| 35 | National Advertising Partners | DBA Home Team Sports, a Division of Fox Sports Media Group<br>1211 Avenue of Americas, 8th Floor<br>New York, NY 10036<br>Attn: Janet Nova, EVP and Deputy Group General Counsel | Trade Payable | | $85,000 |

## DECLARATION UNDER
## PENALTY OF PERJURY REGARDING CONSOLIDATED
## LIST OF CREDITORS HOLDING 35 LARGEST UNSECURED CLAIMS

I, the undersigned, declare under penalty of perjury that I have read the foregoing list and it is true and correct to the best of my knowledge, information and belief, relying on the appropriate officers and advisors of the Company.

Dated: March 14, 2014

Name:  Stuart K. Mathis
Title:   Chief Executive Officer and President of
         QCE Finance LLC, direct or indirect parent
         of each of the Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QCE FINANCE, LLC, *et al.,*[1] | ) | Case No. 14-_____ ( ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

### CONSOLIDATED LIST OF ALL CREDITORS

A list of the above-captioned debtors and debtors in possession's (collectively, the "***Debtors***") creditors in accordance with Fed. R. Bankr. P. 1007(a)(1) has been separately transmitted to the Clerk of the Court.

The list has been prepared on a consolidated basis from the books and records of the Debtors. The list contains only those creditors whose names and addresses were maintained in the Debtors' databases or were otherwise readily ascertainable by the Debtors before the commencement of this case.

Certain of the creditors listed may not hold outstanding claims against the Debtors as of the commencement date and, therefore, may not be creditors for purposes of these cases. By submitting the list, the Debtors in no way waive or prejudice their rights to dispute the extent, validity or enforceability of the claims, if any, held by parties identified therein.

The information presented in the list shall not constitute an admission by, nor is it binding upon, the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: QCE Finance LLC (7897); American Food Distributors LLC (8099); National Marketing Fund Trust (4951); QAFT, Inc. (6947); QCE LLC (2969); QFA Royalties LLC (2402); QIP Holder LLC (2353); Quiz-CAN LLC (7714); Quizno's Canada Holding LLC (3220); Quiznos Global LLC (2772); Restaurant Realty LLC (8293); The Quizno's Master LLC (3148); The Quizno's Operating Company LLC (8945); The Regional Advertising Program Trust (2035); and TQSC II LLC (8683). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1001 17th Street, Suite 200, Denver, Colorado 80202.

## DECLARATION UNDER PENALTY OF PERJURY
## REGARDING CONSOLIDATED LIST OF ALL CREDITORS

I, the undersigned, declare under penalty of perjury that I have read the transmitted list and it is true and correct to the best of my knowledge, information and belief, relying on the appropriate officers and advisors of the Company.

Dated: March 14, 2014

_Stuart K Mathis_

Name: Stuart K. Mathis
Title:  Chief Executive Officer and President of
        QCE Finance LLC, direct or indirect parent
        of each of the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QCE FINANCE, LLC, *et al.*,[1] | ) | Case No. 14-_____ (   ) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## STATEMENT OF CORPORATE OWNERSHIP

In accordance with rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto is an organizational chart reflecting all of the ownership interests in each of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*"), and their non-Debtor affiliates.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: QCE Finance LLC (7897); American Food Distributors LLC (8099); National Marketing Fund Trust (4951); QAFT, Inc. (6947); QCE LLC (2969); QFA Royalties LLC (2402); QIP Holder LLC (2353); Quiz-CAN LLC (7714); Quizno's Canada Holding LLC (3220); Quiznos Global LLC (2772); Restaurant Realty LLC (8293); The Quizno's Master LLC (3148); The Quizno's Operating Company LLC (8945); The Regional Advertising Program Trust (2035); and TQSC II LLC (8683). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1001 17th Street, Suite 200, Denver, Colorado 80202.



Quizno's Organizational Chart

**Legend**

- Debtor
- Non - Debtor

Entities are 100% owned, unless indicated otherwise

Certain controlled affiliates, managed accounts, or funds of Avenue Capital Management II, L.P. hold approximately 72.60% of the issued and outstanding equity interests of QCE Finance LLC. Certain controlled affiliates, managed accounts, or funds of Fortress Investment Group hold approximately 16.12% of the issued and outstanding equity interests of QCE Finance LLC. Such calculations exclude all equity interests granted to current and former management and employees of QCE Finance LLC and its direct and indirect subsidiaries pursuant to equity incentive plans, benefit plans, and analogous arrangements.

QCE Finance LLC (f/k/a QCE Parent LLC) (Holding Company)

QCE LLC (Debt Holder/Corporate Employer)

Quiznos Global LLC (formerly Continental Lending Group LLC) (International Franchisor)

The Quizno's Master LLC

Quizno's Canada Holding LLC

QCE Gift Card LLC

TQSC II LLC (Franchise Obligations)

Quiz-CAN LLC (Operates Canada Master)

Quizno's Canada Restaurant Corporation (Canada Franchisor)

Quizno's Canada Real Estate Corporation

Canada Food Distribution Company

Quizno's Canada Advertising Fund Inc.

Seattle Area Directorship II LLC (99% owned)

American Food Distributors LLC

QAFT, Inc.

The Regional Advertising Program Trust

(as trustee and not owner)

National Marketing Fund Trust

Quiz-DIA LLC (93.33% Proposed)[1] (Corp. Stores @ DIA)

The Quizno's Operating Company LLC (Owns U.S. Corp. Stores)

Quizno's Canada Operating Company Inc. (Owns Canada - Corp. Stores)

QIP Holder LLC (IP Owner)

QFA Royalties LLC (U.S. Franchisor)

Restaurant Realty LLC

Quizmark LLC (Lender)

[1] Presently Quiz-DIA LLC is owned 100% by The Quizno's Master LLC; however pursuant to ongoing discussions and to the Amended and Restated Joint Venture Operating Agreement of Quiz-DIA LLC, LEI Companies, Inc. is expected to purchase a 6.67% Membership Interest in Quiz-DIA LLC pursuant to a Membership Interest Purchase Agreement.

## DECLARATION UNDER PENALTY OF PERJURY
## REGARDING STATEMENT OF CORPORATE OWNERSHIP

I, the undersigned, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, relying on the appropriate officers and advisors of the Company.

Dated: March 14, 2014

_Stuart K Mathis_

Name:  Stuart K. Mathis
Title:   Chief Executive Officer and President of
          QCE Finance LLC, direct or indirect parent
          of each of the Debtors

## CORPORATE SECRETARY'S CERTIFICATE

I, Kenneth A. Cutshaw, hereby certify that I am the duly appointed, qualified and acting Secretary of each of the following: (i) QCE Finance LLC, a Delaware limited liability company, (ii) QCE LLC, a Delaware limited liability company, (iii) TQSC II LLC, a Delaware limited liability company, (iv) Quizno's Canada Holding LLC, a Delaware limited liability company, (v) The Quizno's Master LLC, a Delaware limited liability company, (vi) Quiznos Global LLC, a Delaware limited liability company, (vii) Quiz-CAN LLC, a Delaware limited liability company, (viii) The Quizno's Operating Company LLC, a Delaware limited liability company, (ix) Restaurant Realty LLC, a Delaware limited liability company, (x) QIP Holder LLC, a Delaware limited liability company, and (xi) QFA Royalties LLC, a Delaware limited liability company (each, a "*Company*" and, collectively, the "*Companies*"), and hereby certify as follows:

1.  Attached hereto as <u>Exhibit A</u> is a true, correct and complete copy of the resolutions adopted by the board of managers or the managing members of each of the Companies, as applicable, at a duly convened meeting on March 10, 2014 and such resolutions remain in full force and effect and have not been modified or rescinded.

**IN WITNESS WHEREOF**, I have hereunto subscribed my name on this 14 day of March 2014.

By: _____
Name:    Kenneth A. Cutshaw
Title:    Secretary

**EXHIBIT A**

(see attached)

## RESOLUTIONS OF THE BOARD OF MANAGERS AND MANAGING MEMBERS OF QCE FINANCE LLC AND CERTAIN OF ITS DIRECT AND INDIRECT SUBSIDIARIES

### March 10, 2014

On March 10, 2014, at a telephonic meeting of the board of managers and the managing members (each, an "*Authorizing Body*"), as applicable, of each of the following:

QCE Finance LLC
QCE LLC
TQSC II LLC
Quizno's Canada Holding LLC
The Quizno's Master LLC
Quiznos Global LLC
Quiz-CAN LLC
The Quizno's Operating Company LLC
American Food Distributors LLC
Restaurant Realty LLC
QIP Holder LLC
QFA Royalties LLC

(each, a "*Company*" and, collectively, the "*Companies*"), each of the Companies' respective Authorizing Bodies took the following actions and adopted the following resolutions:

**WHEREAS**, each Authorizing Body has reviewed and considered the materials presented by each Company's management team and financial and legal advisors, including, but not limited to, the presentation to each Authorizing Body made by Lazard Frères & Co. LLC ("*Lazard Frères & Co.*"), Alvarez & Marsal, LLC ("*Alvarez & Marsal*"), and Akin Gump Strauss Hauer & Feld LLP ("*Akin Gump*") on March 10, 2014 regarding the liabilities and liquidity of each Company, the strategic alternatives available to each Company, and the impact of the foregoing on each Company's respective businesses;

**WHEREAS**, in connection with each Authorizing Body's consideration of each Company's liabilities, assets, liquidity situation, and strategic alternatives, each Authorizing Body has reviewed and evaluated each of the potential financing and/or restructuring alternatives available to each Company, including, but not limited to: (i) an equity or debt (including debtor in possession) financing; (ii) a reorganization; (iii) a recapitalization, refinancing, amendment or exchange of, or tender or exchange offer for, each Company's existing indebtedness or capital stock, in each case, whether in-court or out-of-court and/or pursuant to a pre-negotiated or pre-planned restructuring plan or proposal or otherwise; (iv) a sale of certain assets of each Company; (v) a securitization of the Companies' U.S. franchise royalties; (vi) seeking relief under title 11 of the United States Code (the "*Bankruptcy Code*") and filing a voluntary petition pursuant thereto; and (vii) any other strategic alternatives available to each Company (collectively, the "*Restructuring Alternatives*"), which may include, but are not limited to, entering into or otherwise approving one or more agreements to effectuate any of the foregoing Restructuring Alternatives, including, but not limited to, any restructuring or similar agreements, pre-negotiated or pre-planned restructurings or similar plans or proposals and/or one or more forbearance agreements with (i) the lenders (such lenders, the "*First Lien Lenders*") under that certain Amended and Restated Credit Agreement, dated as of January 24, 2012, among QCE Finance, LLC, QCE LLC, as Borrower, Goldman Sachs Credit Partners L.P., as Administrative Agent,

Deutsche Bank Securities Inc., as Syndication Agent, Credit Suisse Securities (USA) LLC, Wachovia Bank, N.A., and BNP Paribas Securities Corp,. as Co-Documentation Agents, and the First Lien Lenders; (ii) the lenders (such lenders, the "*Second Lien Lenders*") under that certain Credit Agreement, dated as of January 24, 2012, among QCE Finance, LLC, QCE, LLC, as Borrower, U.S. Bank National Association, as Administrative Agent, and the Second Lien Lenders; and (iii) the lenders under that certain Credit Agreement, dated as of September 26, 2007, among QAFT, Inc., solely in its capacity as trustee for The Regional Advertising Program Trust and The National Marketing Fund Trust, as Borrowers, the lenders party thereto, and Vectra Bank Colorado, National Association, as Administrative Agent (such agreements, restructurings, plans or proposals reflecting the Restructuring Alternatives, collectively, the "*Restructuring Agreements*");

WHEREAS, each Authorizing Body has had the opportunity to consult with each Company's management team and financial and legal advisors and fully consider each of the strategic alternatives available to each Company, including, but not limited to, each of the Restructuring Alternatives and each of the Restructuring Agreements;

WHEREAS, each Authorizing Body of each Company has the power and authority to approve any of the Restructuring Alternatives and any other strategic alternatives available to such Company, including, but not limited to, entering into any of the Restructuring Agreements;

WHEREAS, in the business judgment of each Authorizing Body, it is in the best interests of each Company and each Company's creditors, employees, members and other parties in interest that each Company commence and consummate the solicitation of votes from holders of claims and interests entitled to vote on that certain Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization pursuant to chapter 11 of the Bankruptcy Code (the "*Prepackaged Plan*");

WHEREAS, in connection with the Prepackaged Plan, it is proposed that certain of the Companies enter into that certain debtor in possession senior secured superpriority credit agreement, by and among QCE Finance LLC, QCE, LLC, as borrower, certain direct and indirect subsidiaries of QCE Finance LLC, the administrative agent thereunder (the "*Agent*"), and each lender providing financing thereunder, the terms of which are to be consistent with those set forth in the Restructuring Support Agreement (as defined below) and the term sheet attached thereto (the "*Credit Agreement*" and, the facility contemplated thereby, the "*DIP Facility*");

WHEREAS, in connection with the DIP Facility, it is proposed that certain of the Companies (collectively, the "*Grantors*") enter into those certain collateral agreements in favor of the Agent (the "*Collateral Agreements*" and, together with the Credit Agreement and any other agreements, documents, instruments or certificates related thereto or that may be necessary or desirable to effect the transactions contemplated thereby, the "*DIP Facility Documents*") pursuant to which such Grantors will guarantee the obligations of QCE LLC under the Credit Agreement and grant the Agent a continuing security interest in substantially all of such Grantors' property, whether now or hereafter acquired; and

WHEREAS, in contemplation of the foregoing, the Companies have negotiated that certain restructuring support agreement (the "*Restructuring Support Agreement*") by and among (i) QCE Finance LLC, QCE LLC, and certain of their direct and indirect subsidiaries; (ii) the First Lien Lenders party thereto; (iii) the Second Lien Lenders party thereto; and (iv) certain holders of equity interests in QCE Finance LLC (collectively, the "*RSA Parties*"), which sets forth the agreement among the RSA Parties concerning their commitment to implement certain of the

2

Restructuring Alternatives, including, but not limited to, seeking relief under the Bankruptcy Code and entering into certain forbearance agreements, in each case, as further described therein;

**NOW, THEREFORE, BE IT RESOLVED**, that, in the business judgment of each Authorizing Body, it is in the best interests of each Company and each Company's creditors, employees, members and other parties in interest to approve the Prepackaged Plan and disclosure statement related thereto, each in substantially the form delivered to and reviewed by each Authorizing Body (the "*Disclosure Statement*"), for the solicitation of votes from the holders of the claims and interests entitled to vote on the Prepackaged Plan and for filing with the United States Bankruptcy Court for the District of Delaware, when appropriate;

**RESOLVED FURTHER**, that, in the business judgment of each Authorizing Body, it is in the best interests of each Company and each Company's creditors, employees, members and other parties in interest that each Company commence and consummate the solicitation of votes from the holders of the claims and interests entitled to vote on the Prepackaged Plan;

**RESOLVED FURTHER**, that, in the business judgment of each Authorizing Body, it is in the best interests of each Company and each Company's creditors, employees, members and other parties in interest that each Company file, or cause to be filed, a voluntary petition for relief under the provisions of the Bankruptcy Code, including, but not limited to, the Prepackaged Plan and the Disclosure Statement related thereto, and consummate the transactions contemplated thereby;

**RESOLVED FURTHER**, that the President and Chief Executive Officer, the Chief Operating Officer, the Chief Financial Officer, and the Secretary of each Company and any other person authorized to do so by each Authorizing Body (each, an "*Authorized Officer*"), acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute, verify, certify and file the Prepackaged Plan and all other petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief under the provisions of the Bankruptcy Code, including, but not limited to, any action necessary to maintain the ordinary course operation of each Company's businesses;

**RESOLVED FURTHER**, that the terms of the DIP Facility to be set forth in the DIP Facility Documents are, in the business judgment of each Authorizing Body, in the best interests of each Company and each Company's creditors, employees, members and other parties in interest, and, in the business judgment of each Authorizing Body, it is in such parties' best interests that (i) QCE LLC make the borrowings contemplated by the DIP Facility; (ii) the Grantors guarantee the obligations of QCE LLC thereunder and grant the Agent a security interest in the property of such Grantors as contemplated by the Collateral Documents; and (iii) each Company a party to the DIP Facility Documents consummate the transactions contemplated thereby, including, but not limited to, any agreements, documents, instruments or certificates constituting exhibits to or required to be executed pursuant to the DIP Facility and each of the DIP Facility Documents;

**RESOLVED FURTHER**, that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute and deliver to the appropriate parties and to perform each Company's obligations under the Credit Agreement, the Collateral Agreements, and each other DIP Facility Document, including, but not

3

limited to, the execution, delivery, and performance of all agreements, documents, instruments or certificates constituting exhibits to or required to be executed pursuant to the DIP Facility Documents or otherwise related thereto, in each case, with such changes therein or additions thereto as the Authorized Officer executing the same shall approve with the advice of legal counsel;

**RESOLVED FURTHER**, that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to fix the terms of and to enter into, execute, file or deliver security, mortgage, pledge or other collateral agreements, documents, instruments, arrangements or statements, including, but not limited to, such statements required under the Uniform Commercial Code as adopted in the relevant jurisdictions, and to make any and all expenditures, to incur any and all expenses, and to pay any and all required fees or taxes, as may be necessary or advisable to create or perfect security interests in favor of the secured parties under the DIP Facility, substantially on the terms to be described in the DIP Facility Documents;

**RESOLVED FURTHER**, that the form, terms and provisions of the Restructuring Support Agreement are, in the business judgment of each Authorizing Body, in the best interests of each Company and each Company's creditors, employees, members and other parties in interest, and, in the business judgment of each Authorizing Body, it is in such parties' best interests that each Company consummate the Restructuring Support Agreement and the transactions contemplated by the Restructuring Support Agreement, including, but not limited to, any forbearance agreements contemplated thereby;

**RESOLVED FURTHER**, that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute and deliver to the appropriate parties and to perform each Company's obligations under the Restructuring Support Agreement, including, but not limited to, the execution, delivery, and performance of any forbearance agreements or any other agreements, documents, instruments or certificates constituting exhibits to or required to be executed pursuant to the Restructuring Support Agreement, in each case, with such changes therein or additions thereto as the Authorized Officer executing the same shall approve with the advice of legal counsel;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Lazard Frères & Co. as investment banker and financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Lazard Frères & Co.;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Alvarez & Marsal as restructuring advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and

4

directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Prime Clerk LLC to provide consulting services to each Company, including, but not limited to, noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and assisting with the preparation of each Company's schedules of assets and liabilities and a statement of financial affairs, and any other services agreed upon by the parties relating to each Company's duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk LLC;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Akin Gump as legal counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Akin Gump;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage Richards Layton & Finger, P.A. as legal co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Richards Layton & Finger, P.A.;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ and engage any other legal counsel, accountants, financial advisors, and other professionals to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of such other legal counsel, accountants, financial advisors, and other professionals;

**RESOLVED FURTHER**, that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company (i) to take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be

5

prepared, executed and delivered and, where necessary or appropriate, to file or cause to be filed with the appropriate governmental authorities, all such other petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, and documents; (ii) to incur and pay or cause to be paid all fees, expenses, and taxes; and (iii) to engage such persons as such Authorized Officer, in his or her sole discretion, may determine to be necessary or appropriate to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, in each case, including any such petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, and documents contemplated by the Prepackaged Plan;

**RESOLVED FURTHER**, that, to the extent the approval of each Company in its capacity as a stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner or member of any entity is required for such entity to execute, to deliver and to perform any of its obligations contemplated by these resolutions or the transactions contemplated hereby, including, but not limited to, the Prepackaged Plan, the DIP Facility Documents (including the grant of a lien pursuant thereto), and the Restructuring Support Agreement, the Authorizing Body of such Company hereby so approves and consents thereto;

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were approved or certified, are hereby in all respects authorized, approved, ratified, confirmed, and adopted;

**RESOLVED FURTHER**, that the signature of any Authorized Officer on any petition, motion, pleading, application, exhibit, schedule, instrument, document, certificate, agreement or other writing shall constitute conclusive evidence that such Authorized Officer deemed such act or thing to be necessary, advisable or appropriate; and

**RESOLVED FURTHER**, that the secretary, any assistant secretary or any other proper officer of each Company, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, empowered, and directed on behalf of, and in the name of, each Company to certify and to furnish such copies of these resolutions as may be necessary and such statements of incumbency of the officers of each Company as may be requested.

106512249