IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 14-10543 (PJW) |
| QCE FINANCE LLC, *et al.*,[1] | ) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) Re: Docket No. 74, 241 |

## ORDER AUTHORIZING THE DEBTORS TO (A) RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC TO PROVIDE THE DEBTORS A CHIEF ADMINISTRATIVE OFFICER, A SENIOR ADVISOR AND CERTAIN ADDITIONAL PERSONNEL AND (B) DESIGNATE JONATHAN M. TIBUS AS CHIEF ADMINISTRATIVE OFFICER FOR THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "*Application*")[2] of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*"), pursuant to Bankruptcy Code sections 105(a) and 363(b), seeking entry of an order: (a) authorizing the Debtors to (i) retain A&M to provide the Debtors with the CAO, as well as the Senior Advisor and Additional Personnel to assist the CAO, and (ii) designate Jonathan M. Tibus as the Debtors' CAO, effective *nunc pro tunc* to the Petition Date, on the terms set forth in the Engagement Letter, including the Indemnification Agreement, annexed to this Order as **Exhibit 1**; and (b) approving the terms of the Engagement Letter; and the Court having jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: QCE Finance LLC (7897); American Food Distributors LLC (8099); National Marketing Fund Trust (4951); QAFT, Inc. (6947); QCE LLC (2969); QFA Royalties LLC (2402); QIP Holder LLC (2353); Quiz-CAN LLC (7714); Quizno's Canada Holding LLC (3220); Quiznos Global LLC (2772); Restaurant Realty LLC (8293); The Quizno's Master LLC (3148); The Quizno's Operating Company LLC (8945); The Regional Advertising Program Trust (2035); and TQSC II LLC (8683). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1001 17th Street, Suite 200, Denver, Colorado 80202.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

1334; and consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and upon the Tibus Declaration, the First Day Declaration, and all proceedings had before the Court; and A&M being a "disinterested person" as defined in Bankruptcy Code section 101(14); and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is approved as set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

3. Pursuant to Bankruptcy Code sections 105(a) and 363(b), the Debtors are hereby authorized to retain A&M to provide the Debtors with a CAO, as well as a Senior Advisor and certain additional A&M Personnel to assist the CAO, and to designate Jonathan M. Tibus as the Debtors' CAO, effective *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application or any exhibits related thereto to the contrary:

(a) A&M and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, administrative advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b) In the event the Debtors seek to have the Engagement Personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either: (i) modifying the functions of personnel; (ii) adding new executive officers; or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) A&M shall file with the Court with copies to the Notice Parties, a report of staffing on the engagement for the previous month (the "*Staffing Report*"). The Staffing Report shall include the names and specific functions performed by the applicable Engagement Personnel. All staffing shall be subject to review by the Court in the event an objection is filed.

(d) No principal, employee, or independent contractor of A&M and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e) A&M shall not be required to submit fee applications pursuant to Bankruptcy Code sections 330 and 331, but instead shall file with the Court, and provide notice to the Notice Parties regarding, the Fee and Expense Reports. The Fee and Expense Reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the Fee and Expense Reports, (ii) contain detailed time entries describing the task(s) performed on a daily basis and the corresponding charge (time multiplied by the hourly rate) and (iii) be organized by project category. In addition, the report shall include a summary of hours for each person as well as a general statement regarding the Engagement Personnel's overall scope of services. All compensation shall be subject to review by the Court in the event an objection is filed.

(f) The Value Fee shall be considered by the Court at the conclusion of these cases on a reasonableness standard and is not being pre-approved by this Order. No other success fee, transaction fee or back-end fee shall be sought by A&M in these cases. The Value Fee should not be permitted in the event these chapter 11 cases are converted, dismissed for cause or a trustee is appointed.

(g) For a period of three years after the conclusion of the engagement, neither A&M nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(h) A&M shall disclose any and all facts that may have a bearing on whether A&M, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

(i) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

(j) Except as provided in subparagraph (i) immediately above, there shall be no indemnification of A&M or its affiliates during these chapter 11 cases.

4. Notwithstanding the requirements of paragraph 3(e) above, the Debtors are authorized, but not directed, to pay in the ordinary course of business, all amounts invoiced by A&M for fees and expenses incurred in connection with A&M's retention.

5. Notwithstanding anything to the contrary contained in the Application, Engagement Letter or any exhibits thereto, A&M shall not assign any tasks for which A&M seeks compensation hereunder to any person or entity other than employees of A&M or its affiliates.

6. To the extent there is inconsistency between the terms of the Engagement Letter, the Indemnification Agreement, the Application and this Order, the terms of this Order shall govern.

7. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. Notwithstanding anything to the contrary in the Engagement Letter or the Dispute Resolution Procedures, the Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order and the Engagement Letter.

Wilmington, Delaware
Date: April 25, 2014

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE